UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFFORD SMITH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION L.L.C.,<br>&<br>WELLS FARGO BANK, N.A.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 2:20-cv-04903-CFK |

**WELLS FARGO BANK, N.A.'S**
**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Wells Fargo Bank, N.A. ("Wells Fargo"), through its undersigned counsel, submits the following Amended Answer and Affirmative Defenses ("Answer") to the Complaint filed by Plaintiff Clifford Smith ("Plaintiff"). Wells Fargo denies all allegations in the Complaint that are not expressly admitted herein.

Wells Fargo responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

**PRELIMINARY STATEMENT**

1. To the extent that the allegations set forth in Paragraph 1 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission. To the extent any response is required, Wells Fargo denies that Plaintiff has any basis in fact or in law to maintain this action against Wells Fargo.

## JURISDICTION AND VENUE

2. The allegations set forth in Paragraph 2 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

3. The allegations set forth in Paragraph 3 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## PARTIES

4. Wells Fargo admits that it believes Plaintiff is a natural person. Wells Fargo is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint regarding Plaintiff's residency, and therefore denies the same. The remaining allegations set forth in Paragraph 4 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

5. The allegations set forth in Paragraph 5 of the Complaint contain statements pertaining to a defendant besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

6. Wells Fargo admits it does business with customers in Pennsylvania. The remaining allegations set forth in Paragraph 6 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

## FACTUAL ALLEGATIONS

7. Wells Fargo incorporates the foregoing paragraphs as though the same were set forth at length herein.

8. The allegations set forth in Paragraph 8 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

9. The allegations set forth in Paragraph 9 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

10. The allegations set forth in Paragraph 10 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

11. The allegations set forth in Paragraph 11 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

12. The allegations set forth in Paragraph 12 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

13. The allegations set forth in Paragraph 13 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

14. The allegations set forth in Paragraph 14 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

15. The allegations set forth in Paragraph 15 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

16. The allegations set forth in Paragraph 16 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

17. The allegations set forth in Paragraph 17 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

18. The allegations set forth in Paragraph 18 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

19. The allegations set forth in Paragraph 19 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

20. The allegations set forth in Paragraph 20 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

21. The allegations set forth in Paragraph 21 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

22. The allegations set forth in Paragraph 22 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

23. The allegations set forth in Paragraph 23 of the Complaint are denied as to Wells Fargo.

## **CAUSES OF ACTION**

24. Wells Fargo incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. To the extent that the allegations set forth in Paragraph 25 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission. To the extent any response is required, Wells Fargo denies that Plaintiff has any basis in fact or in law to maintain this action against Wells Fargo.

112560846

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

26. Wells Fargo incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. The allegations set forth in Paragraph 27 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

### *Trans Union's FCRA Violations*

28. The allegations set forth in Paragraph 28 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

29. The allegations set forth in Paragraph 29 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

30. The allegations set forth in Paragraph 30 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

31. The allegations set forth in Paragraph 31 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

112560846

32. The allegations set forth in Paragraph 32 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

33. The allegations set forth in Paragraph 33 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

34. The allegations set forth in Paragraph 34 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

35. The allegations set forth in Paragraph 35 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

36. The allegations set forth in Paragraph 36 of the Complaint contain statements pertaining to defendants besides Wells Fargo and, therefore, no response is required. To the extent the allegations are contrary to fact or law, Wells Fargo denies them.

37. The allegations set forth in Paragraph 37 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

### *Wells Fargo's FCRA Violations*

38. The allegations set forth in Paragraph 38 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for

themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

39. The allegations set forth in Paragraph 39 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

40. The allegations set forth in Paragraph 40 of the Complaint contain statements and conclusions of law which require no response, and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or vary from the documents to which they refer, they are denied.

41. The allegations set forth in Paragraph 41 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## DEMAND FOR JURY TRIAL

42. Wells Fargo admits that Plaintiff demands a trial by jury in this matter.

## PRAYER FOR RELIEF

Wells Fargo denies that Plaintiff is entitled to the relief set forth in the unnumbered "WHEREFORE" paragraph following Paragraph 42 of the Complaint, including subparts (a) – (e).

Wells Fargo denies that Plaintiff is entitled to any relief whatsoever.

Wells Fargo denies all allegations not specifically admitted herein.

Wells Fargo reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

Wells Fargo reserves the right to amend its Answer to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE DEFENSES

Wells Fargo hereby sets forth the following defenses to the Complaint. By asserting the defenses set forth below, Wells Fargo does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Wells Fargo admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is allegedly entitled.

## FIRST DEFENSE

The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Wells Fargo reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's claims.

## SECOND DEFENSE

Wells Fargo avers that Plaintiff's claims against it may be subject to an Arbitration Agreement requiring mandatory and binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

## THIRD DEFENSE

Plaintiff cannot recover from Wells Fargo to the extent that any damages that Plaintiff may have suffered, which Wells Fargo continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

**FOURTH DEFENSE**

Plaintiff cannot recover from Wells Fargo to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Wells Fargo continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Wells Fargo had no control, and for whose conduct Wells Fargo is not responsible, which bars or diminishes any recovery by Plaintiff against Wells Fargo.

**FIFTH DEFENSE**

At all times relevant, Wells Fargo acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable state and/or federal law.

**SIXTH DEFENSE**

Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Wells Fargo states that while it does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, Wells Fargo is entitled to the affirmative defense that any such award must comport with the Due Process clause under the Constitution of the United States of America.

**SEVENTH DEFENSE**

Plaintiff's claims against Wells Fargo are barred to the extent they are covered by any applicable release agreements.

**EIGHTH DEFENSE**

Plaintiff cannot recover from Wells Fargo under the Complaint to the extent that Plaintiff has not alleged or cannot maintain an actual injury-in-fact, depriving the Court of Article III jurisdiction.

**NINTH DEFENSE**

Plaintiff's claims are subject to a set-off of all amounts due and owing Wells Fargo.

**TENTH DEFENSE**

Plaintiff's claims are barred by the statute of limitations applicable to actions under the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681p.

**ELEVENTH DEFENSE**

Wells Fargo reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses, and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant Wells Fargo Bank, N.A., by counsel, respectfully requests that the Court dismiss all of the Plaintiff's claims against Wells Fargo, with prejudice, enter judgment in favor of Wells Fargo and against Plaintiff, and award Wells Fargo such other and further relief as the Court may deem just and appropriate.

Dated: January 15, 2021

Respectfully submitted,

**WELLS FARGO BANK, N.A**

By: */s/ Dave M. Gettings*
Dave M. Gettings (*Admitted Pro Hac Vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: 757-687-7747
dave.gettings@troutman.com

Jenna C. Hutchinson
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, New York 10022
Telephone: 212.704.6034
jenna.hutchinson@troutman.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*