## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | **CIVIL ACTION** |
| | : | |
| **CLIFFORD SMITH,** | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **No. 20-4903** |
| | : | |
| **TRANS UNION, LLC and WELLS** | : | |
| **FARGO BANK, N.A.,** | : | |
| *Defendants.* | : | |

### MEMORANDUM

**KENNEY, J.**                                                    **March 19, 2021**

Plaintiff Clifford Smith ("Smith" or "Plaintiff") claims Trans Union, LLC ("Trans Union") and Wells Fargo Bank, N.A. ("Wells Fargo," jointly "Defendants") violated the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*., by reporting a loan with a zero balance as 60 days past due on Plaintiff's credit report for years after the loan was paid in full and the account closed. Plaintiff claims that, because the loan balance was paid, it was inaccurate and misleading to continue to report that the account was past due. The Court now rules on Defendant Trans Union's Motion for Judgement on the Pleadings.

### I.      FACTS[1]

The Defendants in this case are Trans Union and Wells Fargo. Trans Union is a credit reporting agency. ECF No. 1 ("Compl.") at ¶ 5. Wells Fargo is a bank, responsible for

---

[1] The Court accepts the allegations in the Complaint as true and draws all reasonable factual inferences in favor of the Plaintiff. *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). In deciding a motion for judgment on the pleadings, this Court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion where Plaintiff's claims are based on those documents, and matters of public record. *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).

furnishing information about consumer transactions to the credit reporting agencies.  Compl. ¶ 6.

Plaintiff Smith is an individual who took out an auto loan with Wells Fargo.

Plaintiff claims that his Wells Fargo account was satisfied on or about June 17, 2016, which brought it current with a balance of $0.  Compl. ¶ 8.  At the time Plaintiff paid off the account and it was closed, Plaintiff was 60 days past due on his required payments.  After the balance was paid off, Trans Union continued to report Plaintiff's Wells Fargo account as "Pay Status: Account 60 Days Past Due Date."  Compl. ¶ 9.  Plaintiff claims that it is false and misleading for an account that has been satisfied to be accurately reported over two years after the balance was paid off as "past due."  Compl. ¶ 10.  On January 5, 2017, Plaintiff mailed a letter to Trans Union disputing the status of the Wells Fargo account, as required by the Fair Credit Reporting Act.  Compl. ¶ 11.  In response to Plaintiff's dispute, Wells Fargo verified the account as accurate.  *Id.*  Plaintiff claims that Trans Union did not follow reasonable procedures to ensure the accuracy of its reports and failed to conduct a good faith investigation into Plaintiff's dispute.  Compl. ¶ 12-13.  As recently as January 30, 2019, Plaintiff's Trans Union credit report continued to report the disputed account information.  Compl. ¶ 11.

Plaintiff brings claims against both Trans Union and Wells Fargo for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, based on this allegedly inaccurate and misleading information, which remained on Plaintiff's credit report for years after he paid off the balance of the loan.  Plaintiff claims that Trans Union violated its duty under 15 U.S.C. § 1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Compl. ¶ 28.  Plaintiff also alleges that Trans Union is currently violating 15 U.S.C. § 1681e(b) by not following reasonable procedures to assure the maximum possible accuracy of the Plaintiff's credit report.  As to Defendant Wells Fargo, Plaintiff claims it violated its duty under

15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's dispute letter and failed to delete or correct the inaccurate information.  The negative remarks on Plaintiff's Trans Union credit report have been viewed by third parties, causing harm to the Plaintiff.  Plaintiff seeks actual damages, statutory damages, punitive damages, and reasonable costs and attorney's fees.

## II.    PROCEDURAL HISTORY

Plaintiff filed a Complaint against Trans Union and Wells Fargo on July 1, 2020 in the U.S. District Court for the Western District of Pennsylvania.  ECF No. 1.  The case was then transferred to the Eastern District of Pennsylvania.  *See* ECF Nos. 8-11.  Trans Union filed its Answer (ECF No. 19) on October 15, 2020, and Wells Fargo filed its Answer on November 13, 2020 (ECF No. 20).  On January 26, 2021, Defendant filed the instant motion for Judgment on the Pleadings (ECF No. 42).  Plaintiff responded and filed a cross-motion for Judgement on the Pleadings (ECF No. 46).  The Court will now rule on these motions.

## III.    STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A court may grant a Rule 12(c) motion "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law."  *Fed Cetera, LLC v. Nat'l Credit Servs., Inc*., 938 F.3d 466, 470 n.7 (3d Cir. 2019) (quotation omitted).  A Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion, construing all allegations and inferences in the light most favorable to the nonmoving party.  *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019).  To survive a 12(c) motion, the complaint must contain sufficient factual matter to show that the claim is facially plausible, enabling the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.  *Warren Gen. Hosp. v. Amgen Inc*., 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

## IV.    DISCUSSION

To determine whether to grant Defendant's motion for judgment on the pleadings, the Court must first assess whether the information reported is inaccurate or misleading.  A credit report violates the Fair Credit Reporting Act if the information reported is factually incorrect or "misleading in such a way and to such an extent that [it] can be expected to have an adverse effect."  *Seamans v. Temple Univ*., 744 F.3d 853, 865 (3d Cir. 2014).  In determining whether reported information is misleading, the Court views the information through the lens of a person in a position to make an adverse decision based on a credit report, i.e., a creditor.  *See Horsch v. Wells Fargo Home Mortg*., 94 F. Supp. 3d 365, 681 (E.D. Pa. 2015) (analyzing whether credit report is accurate or misleading from the perspective of a creditor); *Gross v. Private Nat'l Mort. Acceptance Co., LLC*, No. 20-4192, 2021 WL 81465, at *2 (E.D.N.Y. Jan. 9, 2021) ("[Plaintiff] must point to information on his credit report that is 'materially misleading' to creditors").  The question of the accuracy of credit files is a question of fact.  *Miller v. Trans Union, LLC*, No. 3:12-CV-1715, 2013 WL 5442008, at *7 (M.D. Pa. Aug. 14, 2013).  The FCRA is a remedial statute and so will be construed liberally to further its stated purpose—to require that consumer reporting agencies adopt reasonable procedures for collecting and reporting credit information in a manner which is fair and equitable to the consumer.  15 U.S.C. § 1681(b).

Defendant Trans Union claims that it cannot be liable because it accurately reported Plaintiff's Wells Fargo account as "closed" in June 2016 with a $0 balance and the historical pay

status of "60 days past due".[2]  Trans Union argues they did not report the account as *currently* 60 days past due; rather, they noted that the pay status was 60 days past due at the time the account was closed, which the Plaintiff does not dispute.  Trans Union argues that the report is not misleading because it states that the account balance is $0, the account is clearly closed, and the report has not been updated since 2016, so a potential creditor would not be misled to think that the account was currently 60 days past due.  Trans Union also claims that the Plaintiff was not harmed by the alleged inaccuracy because he cannot show that the reporting of the Wells Fargo account was a "substantial factor" in an adverse credit decision.  Plaintiff also is not entitled to statutory or punitive damages because he cannot show that Trans Union knowingly and intentionally committed an act in conscious disregard for the rights of others.  Trans Union also argues that Plaintiff's Section 1681i claim for failure to conduct a reasonable investigation is barred by the FCRA's two-year statute of limitations.  15 U.S.C. § 1681p.

In response, Plaintiff argues that the issues raised in Defendant's motion are not appropriate for determination on a motion for judgment on the pleadings.  Questions concerning the misleading or inaccurate quality of information under the FRCA involve a factual assessment, which typically cannot be resolved as a matter of law.  Even if the information contained in the report is factually accurate, whether that information is "materially misleading" is a question for a jury.  At the pleading stage, it is sufficient that the complaint contains either

---

[2] Any arguments raised by the parties not included here have been considered by the Court and determined to be irrelevant or of minimal persuasive value.  Of particular note is the Defendant's accusation of fraud against Plaintiff's counsel made in its Reply in Support of its Motion for Judgment on the Pleadings (ECF No. 47).  The Court finds these allegations overstated.  There is no doubt that the exhibit in question (ECF No. 46-1) is clearly incomplete and a combination of two separate documents, giving the Court the impression Plaintiff's counsel was hurried and harried in the preparation of its filing (as was indeed the preparation of the "Partial Cross-Motion for Judgment on the Pleadings").   However, the Court is hard-pressed to find fraud here.

direct or inferential allegations regarding all the material elements necessary to sustain recovery under a viable legal theory.  At this stage, only general damages need to be pleaded.  Plaintiff argues the statute of limitations has not expired because Plaintiff disputes the accuracy of the investigation, not that there was a failure to reinvestigate.  Further, the limitations period under the FRCA runs from each transmission of any inaccurate consumer report giving rise to a potential liability.

The Defendant argues that the notation of the "Pay Status" on a credit report of a closed account with a zero balance as "Account 60 days Past Due" clearly does not mean that the debt is currently past due.  Even to the unsophisticated eye, the notation is merely an historical remark of the debt having at one time, while it was an open account, been past due.  That the account is no longer past due is evidenced by a logical conclusion drawn from the zero-balance noted on the report.  Defendants cite, with much chagrin at the temerity of litigious Plaintiff's counsel for having brought such a frivolous action, two district court cases for support, pointing out that those cases present analogous circumstances.  And yet, they do not.

Indeed, the difference between the circumstances in those cases and this case point out the unfairness in equating those debtors' circumstances to the circumstance of the Plaintiff here.[3] In *Settles*, the account had similar notations to those in this case—that the balance was zero, that the account was a certain number of days past due, and that the account was closed—but it had actually closed with a significant debt outstanding.  *Settles v. Trans Union, LLC*, No. 3:20-CV-

---

[3] This case is distinguishable from *Bibbs v. Trans Union LLC*, No. CV 20-4514, 2021 WL 695112 (E.D. Pa. Feb. 23, 2021) on the same basis.  Plaintiff Bibbs did not allege she paid or satisfied her accounts as of the transfer and close of the account at issue.  She conceded to owing payments for over 120 days when the bank transferred her debt and closed her account with a zero balance.  *See id.* at *8 (distinguishing *Bibbs* from other FCRA cases where the balance was paid off before the account was close).

00084, 2020 WL 6900302, at *4 (M.D. Tenn. Nov. 24, 2020).  The plaintiff admitted that he had

defaulted on the loan and never paid off the balance.  In *Hernandez*, the debt was similarly not

fully paid when the account was closed and transferred to another lender, which zeroed out the

balance on the reported account.  *Hernandez v. Trans Union LLC*, No. 3:19CV1987-RV/EMT,

2020 WL 8368221 (N.D. Fla. Dec. 10, 2020).  Indeed, the payment made by the plaintiff was

significantly lower than full amount owed because the creditor agreed to a short sale to recover a

portion of what was owed.

      This case presents a different situation.  Here, the debt was paid in full to the penny at the

time it was closed, and yet the "Pay Status:  Account 60 Days Past Due" notation would lead one

to believe the account was past due and continued to be past due, or not fully paid, when the

balance was zeroed out when it was closed.  This is clearly a black mark on the credit report of

an individual seeking credit.  At the time of the closing, the debt was fully paid and the account

made current.  Defendant's cases actually prove Plaintiff's point—the phrase "60 Days Past

Due" could mislead a creditor to believe the account was never paid off because that is what the

plaintiffs' credit reports said in Defendant's cited cases, and indeed the account balances had

never been paid in full.  It is also not indisputably accurate to say that the notation is a remark on

the historical pay status of the account.  An historical remark would say something to the effect

that "at one time in the past the account was past due," or "paid in full at end when account was

60 days past due," rather than indicating, as it does in this case, "Pay Status: 60 Days Past Due."

What Plaintiff has shown on his current credit report certainly appears to be a current status, and

not an historical remark.  The Court finds that it cannot make a determination that the report in

this case is accurate and not misleading as a matter of law at this stage.  The Court also cannot

determine as a matter of law that the credit report was misleading and inaccurate.

V.      CONCLUSION

As neither the Defendant nor the Plaintiff has not shown entitlement to judgment as a matter of law on the pleadings, their motions will be denied.

An appropriate order follows.

By the Court:

/s/ Chad F. Kenney

Hon. Chad F. Kenney